UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven Abdul-Azziz El Bey,   Case No.   3:23-cv-2191

      Plaintiff

  v.

                                          ORDER DENYING MOTIONS
                                          AND REQUIRING PLAINTIFF TO
                                          EFFECTUATE SERVICE OF PROCESS

Mike Davis, *et al.*,

      Defendants

Plaintiff Steven Abdul-Azziz El Bey, a prisoner incarcerated in the Allen-Oakwood Correctional Institution (AOCI), initiated this case by filing a complaint and paying the filing fee on November 9, 2023. (Doc. No. 1.)

In his complaint, plaintiff states he has been a prisoner in AOCI since June 2021, and "[u]pon arriving in the custody of the [Ohio Department of Rehabilitation and Correction, he] affiliated himself with and studied the teachings and materials from the [Moorish Science Temple of America] MSTA faith."   (*Id.* at ¶ 16.)   He contends defendants have violated the Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by denying him requested accommodations, which he contends are necessary to practice his MSTA faith.   He seeks injunctive and monetary relief.

There is no indication on the docket that plaintiff presented summonses to the clerk for signature and seal, or, that he has served any of the defendants as required by Federal Rule of Civil Procedure 4(c)(1).   That Rule provides that a "plaintiff is responsible for having the summons and

1

complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Because plaintiff has paid the filing fee, service by the United States Marshal is not authorized by statute, and he has not requested that service be made by the United States Marshal under Federal Rule of Civil Procedure 4(c)(3). He also has not provided the court with USM-285 Marshal Forms or completed summonses necessary for the Marshal to do so.

Instead, before serving his complaint on the defendants in accordance with Federal Rule of Civil Procedure 4 and waiting for defendants to answer or respond, plaintiff has filed motions for a "Temporary Restraining Order," (Doc. No. 2), and for "Summary Judgement." (Doc. No. 3). Both of these motions are DENIED.

A temporary restraining order is an extraordinary remedy the purpose of which is to preserve the status quo and "the court's ability to render a meaningful decision on the merits." *United Food & Com. Workers Union, Loc. 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998) (citing *Stenberg v. Checker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978); *Ray v. Franklin Cnty. Bd. of Elections*, No. 2:08-cv-1086, 2008 WL 4966759, at *1 (S.D. Ohio Nov. 17, 2008).

Four factors are considered in determining whether a temporary restraining order is necessary: (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant has shown irreparable injury; (3) whether the issuance of a TRO would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). The four considerations are not required elements but are rather factors to be balanced. *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001) (no single factor is determinative). And the decision of whether to issue a preliminary injunction falls within the sound discretion of the district court. *See Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982). The district judge "is not required to make specific findings concerning each of the four factors used in determining a

motion for preliminary injunction if fewer factors are dispositive of the issue." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (internal citation omitted).

Upon consideration, I do not find the factors warrant the extraordinary remedy of a temporary restraining order. First, based on plaintiff's pleadings alone, I do not find that he is likely to succeed on the merits of his claims that he has been denied an accommodation necessary to practice his religion in violation of the Constitution and RLUIPA. Second, I do not find that the purpose of preliminary injunctive relief -- to preserve the status quo -- would be served by the order plaintiff seeks in his motion, which would require defendants to affirmatively correct constitutional deficiencies plaintiff alleges but have yet to be proven. *See, e.g., Ratcliff v. Moore*, 614 F. Supp. 2d 880, 886 (S.D. Ohio 2009) (concluding, in a prisoner's religious accommodation case, that the purpose of a preliminary injunction to preserve the status quo would not be served where plaintiff sought an order requiring defendants to affirmatively correct constitutional deficiencies yet to be proven).

I also find that summary judgment is not warranted. Summary judgment is warranted where "the movant shows that there is no genuine dispute as to any material and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. I cannot make a determination as to whether plaintiff has demonstrated either of these elements before service of the complaint on defendants and before defendants have an opportunity to respond to plaintiff's complaint and, if desired, engage in discovery. Defendants must have an opportunity to respond to any motion plaintiff files for summary judgment. *See* Rule 56(c) (identifying materials a nonmoving party may submit to oppose a motion for summary judgment).

## Conclusion

Accordingly, for the foregoing reasons, plaintiff's motions for a Temporary Restraining Order and Summary Judgment are denied. (Doc. Nos. 2 and 3).

In addition, if plaintiff wishes to proceed with this case, he must effectuate service of process on the defendants in accordance with Rule 4 and file proof of such service on the docket of this case. If plaintiff prefers, he may formally request service of process by the United States Marshal pursuant to Rule 4(c)(3). But that request will be entertained only if he pays for such service and supplies a completed summons and a separate Form USM-285 for each defendant.

Within 30 days from the date of this Order, plaintiff shall effectuate service of process in one of the ways stated above. If he fails to do so, this case may be dismissed for failure to prosecute.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge